1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| CHAD MICHAEL CREEL, | No. 2:25-cv-01957 TLN CKD (PS) |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| AMAZON.COM, INC. et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

A. Sufficiency of the Complaint

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff sues three private companies over their actions concerning his online accounts, citing federal and state laws but making no legal arguments as to how defendants violated federal

1

1 antitrust law or deprived him of his rights.  As to his purported claims under 42 U.S.C. § 1983,
2 such claims must involve actions taken by persons acting "under color of state law" and generally
3 do not apply to private companies.  Plaintiff's brief and conclusory allegations do not state a
4 federal claim against any defendant.

5       The federal courts are courts of limited jurisdiction.  Without a basis for federal
6 jurisdiction, plaintiff's claims cannot proceed in this venue.  Federal question jurisdiction
7 pursuant to 28 U.S.C. § 1331 arises in two situations.  First, a court may exercise federal question
8 jurisdiction where a federal right or immunity is "an element, and an essential one, of the
9 plaintiff's cause of action[.]"  Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.,
10 463 U.S. 1, 11 (1983).  Second, federal question jurisdiction arises where a state-law claim
11 "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal
12 forum may entertain without disturbing any congressionally approved balance of federal and state
13 judicial responsibilities."  Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308,
14 314 (2005).  To assess federal-question jurisdiction, courts apply the "well-pleaded complaint"
15 rule under which "federal jurisdiction exists only when a federal question is presented on the face
16 of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 391–
17 92, (1987).

18       Because there is no basis for federal jurisdiction evident in the complaint, it will be
19 dismissed with leave to amend.  Failure to allege a proper basis for jurisdiction in any amended
20 complaint will result in a recommendation that the action be dismissed.

21       B.  Motion to Seal

22       Plaintiff has also filed a motion to seal this case, citing privacy concerns.  Requests to seal
23 documents in this district are governed by the Eastern District of California's Local Rules ("Local
24 Rule") 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written
25 order of the court after a specific request to seal has been made.  Local Rule 141(a).  However, a
26 mere request to seal is not enough.  Local Rule 141(b) requires that "[t]he 'Request to Seal
27 Documents' shall set forth the statutory or other authority for sealing[.]"  E.D. Local Rule 141(b).
28       The court starts "'with a strong presumption in favor of access to court records,'" Center

1    for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Foltz v.
2    State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of
3    access is 'based on the need for federal courts, although independent – indeed, particularly
4    because they are independent – to have a measure of accountability and for the public to have
5    confidence in the administration of justice.'"  Id. (quoting United States v. Amodeo, 71 F.3d
6    1044, 1048 (2d Cir.1995)).

A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy.  Id. (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)).  However, where the material is, at most, "tangentially related to the merits of a case," the request to seal may be granted only upon a showing of "good cause."  Id. at 1097 1101.

Here, plaintiff has not identified legal authority that supports sealing the entire record. Nor does the complaint include any category of information subject to redaction under Local Rule 140(a), e.g., minor's names, financial account numbers, or Social Security numbers.  In short, at this time, the court finds no compelling reason to seal the complaint or any subsequent documents filed in this case.

Under Local Rule 141(e)(1), if a request to seal is denied, the Clerk will return to the submitting party the documents for which sealing has been denied.  Thus the court will direct the Clerk to return to plaintiff both the complaint (ECF No. 1) and the motion to seal (ECF No. 3).

Plaintiff is advised that any additional documents he files will not be automatically sealed.  Moreover, all documents on the docket other than ECF Nos. 1 and 3, including all orders of the court, will be publicly accessible.

C.  Leave to Amend

In light of plaintiff's pro se status, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

If plaintiff elects to file an amended complaint, this new pleading shall:

i.    be captioned "First Amended Complaint";
ii.   be limited to 20 pages, with text utilizing a font size of 12 Times New Roman or

3

equivalent and double spacing (*pages exceeding the 20-page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);
iii. use numbered paragraphs;
iv. set forth his various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against defendants X, Y, and Z, Claim II against defendants R and S, etc.);
v. under each section, list the factual allegations supporting that particular claim (for brevity, plaintiff may refer to specific prior paragraphs [i.e. "See ¶¶ 25, 34, and 42"], but in no case shall plaintiff "incorporate all preceding paragraphs" for any claims);
vi. include a general background facts section to orient the reader only as necessary;
vii. include her statements for jurisdiction, venue, and relief sought as is necessary;
viii. omit exhibits, documents, photos, or other such "evidence" of her claims (except for any contracts on which he bases any breach of contract claim);
ix. refrain from alleging redundant, immaterial, impertinent, or scandalous matters; and
x. address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 30 days of this order.

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;
2. Plaintiff's motion to seal case (ECF No. 3) is denied;
3. The Clerk of Court shall return to plaintiff the complaint (ECF No. 1) and the motion to seal (ECF No. 3) pursuant to Local Rule 141(e )(1), strike these filings on the docket, and unseal this case; and
4. Plaintiff shall file an amended complaint no later than thirty (30) days from the date of this order. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

Dated: July 22, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/cree1957.ifp-nojuris+mtn to seal

4