UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD CREEL,<br><br>             Plaintiff,<br><br>      v.<br><br>AMAZON.COM, INC., et al.<br><br>             Defendants. | No.  2:25-cv-01957-TLN-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

On August 29, 2025, plaintiff Chad Creel filed an ex parte motion for a temporary restraining order. (ECF No. 5.)  Because plaintiff proceeds without counsel, this matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).  Plaintiff's ex parte motion is appropriate for decision without oral argument within the meaning of Local Rule 230(g).  For the reasons set forth below, the motion should be denied.

**I.      Relevant Procedural Background**

Plaintiff, proceeding pro se, commenced this action by filing a complaint on July 14, 2025. (ECF No. 1.)  Plaintiff concurrently filed a motion to seal the case.  (ECF No. 3.)  On July 22, 2025, the undersigned denied plaintiff's motion to seal and ordered both the complaint and the motion to seal to be stricken, as they contained information plaintiff did not want made public. (ECF No. 4.)  The court also unsealed the case and granted plaintiff thirty days to file an amended complaint.  (Id.)

1

1    To date, plaintiff has not filed an amended complaint, and there is no operative complaint
2    in this matter. On September 2, 2025, the court granted plaintiff's motion for an extension of
3    time to file an amended complaint, which is now due on or before September 30, 2025. (ECF No.
4    9.)
5    Before the court is plaintiff's August 29, 2025 motion for a temporary restraining order.
6    (ECF No. 5.) Plaintiff seeks an order requiring the three original defendants in this action, plus a
7    fourth defendant (OpenAI), to restore his access to his ChatGPT account and preserve all internal
8    communications concerning that account, along with a list of other requested injunctions related
9    to the ChatGPT account. (Id.) None of the entities named in the TRO have been named as
10   defendants in an amended complaint or been served with any complaint in this action.

**II.     Legal Standard**

The purpose of a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure is to preserve the status quo and to prevent irreparable harm "so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court relies on the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party is (1) "likely to succeed on the merits," (2) "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [its] favor," and (4) "an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Courts within this circuit may also consider a request for a temporary restraining order using a "sliding scale" test in which "a stronger showing of one element may offset a weaker showing of another." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). "[W]hen plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." Where Do We Go Berkeley v. California Dep't of

1  Transp., 32 F.4th 852, 859 (9th Cir. 2022) (citing Alliance for the Wild Rockies, 632 F.3d at
2  1135).
3       However, likelihood of success on the merits is the most important Winter factor, and it is
4  relevant to the court's evaluation of the other factors. See Baird v. Bonta, 81 F.4th 1036, 1044
5  (9th Cir. 2023).  Without showing a likelihood of success on the merits, plaintiff also does not
6  establish that the balance of equities tips in his favor, or that an injunction is in the public interest.
7  See id.; Winter, 555 U.S. at 20-21.
8       The Eastern District of California's local rules impose specific requirements on those who
9  request a temporary restraining order. See Local Rule 231. Among other things, these rules
10 require "actual notice to the affected party and/or counsel" except in "the most extraordinary of
11 circumstances." Local Rule 231(a). "Appropriate notice would inform the affected party and/or
12 counsel of the intention to seek a temporary restraining order, the date and time for hearing to be
13 requested . . . , and the nature of the relief to be requested." Id.
14      A court may issue a temporary restraining order "without written or oral notice to the
15 adverse party" only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

20 Fed. R. Civ. P. 65(b)(1).
21      When deciding whether to issue a temporary restraining order, the court may rely on
22 declarations, affidavits, and exhibits, among other things. See Johnson v. Couturier, 572 F.3d
23 1067, 1083 (9th Cir. 2009). This evidence need not conform to the standards that apply at
24 summary judgment or trial.  Id.; Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1394 (9th Cir.
25 1984).
26 ////
27 ////
28 ////

### III. Analysis

#### A. The Court Lacks Authority to Grant a Temporary Restraining Order

Most fundamentally, the court lacks authority to grant a temporary restraining order in this matter because there is no operative complaint in this action and no pending claims before this court. "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015). Thus, the undersigned will recommend denial of the motion for temporary restraining order on this basis.

#### B. Plaintiff's Motion is Procedurally Deficient

Second, plaintiff has not satisfied the requirements of Federal Rule of Civil Procedure 65 or Local Rule 231 governing applications for temporary restraining orders. Plaintiff has not provided actual notice to the affected parties (who have not been served with a complaint in this action and presumably know nothing about it); nor has he filed seven of the eight documents required for a temporary restraining order under Local Rule 231(c). Moreover, plaintiff does not fulfill the conditions for granting a temporary restraining order without notice to the adverse party under Rule 65, set forth above. The motion for a temporary restraining order is therefore procedurally defective. See Fed. R. Civ. P. 65(b)(1); Local Rule 231.

Courts regularly deny temporary restraining orders for failing to comply with the stringent requirements of Rule 65(b)(1), including those sought by pro se plaintiffs. See Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) ("courts have recognized very few circumstances justifying the issuance of an ex parte [temporary restraining order"); Abdel-Malak v. Doe, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying temporary restraining order sought by pro se plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"). In addition, plaintiff's failure to comply with the Local Rules' requirements for temporary restraining orders is sufficient justification to deny the motion. See Nible v. Macomber, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (denying temporary restraining order sought by pro se plaintiff as procedurally deficient); see, e.g., Tri-Valley CAREs v. U.S. Dep't of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is

well within a district court's discretion.").

Therefore, alternatively, the court will recommend denial of the temporary restraining order motion due to procedural deficiencies.[1]

**IV.     Conclusion and Recommendation**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 5) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: 09/04/25

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/creel1957.tro.f&rs

---

[1] In the absence of an operative complaint, the court does not reach the issue of likelihood of success on the merits.