Chad M Creel
5309669578
Plaintiff, In Pro Per
6250 County Road 20
Orland, CA 95963
ChadCreel1992@yahoo.com
Plaintiff,
In Pro Per

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

Case No.: 2:25-cv-01957-TLN-CKD (PS)

)
)

Plaintiff,           )           **FIRST AMENDED COMPLAINT**

**Chad Creel**
)
)
)
)
)
)
)
Defendants.     )
_____**AMAZON.COM, INC.; META PLATFORMS, INC.; GOOGLE LLC; and DOES 1–50,**
_____

Page 1

## I. INTRODUCTION

1. Plaintiff **Chad Michael Creel** brings this action against Amazon.com, Inc. ("Amazon"), Meta Platforms, Inc. ("Meta"), and Google LLC ("Google") for coordinated interference with his legal activities and wrongful termination or restriction of his online accounts, culminating in the most severe and reputationally devastating action: Meta's **wrongful termination** of Plaintiff's account(s) on the false basis of "minor sexual exploitation," triggered by a **scammer's malicious setup** and automated enforcement error.

2. Plaintiff alleges that Defendants' conduct excluded him from essential digital infrastructures, blocked him from **retrieving evidence** needed for active cases, and **sabotaged** his legal efforts, including by deploying heavy legal resources against him immediately **on the 17th, just before an injunction hearing**.

3. Plaintiff further alleges Defendants acted jointly and/or knowingly in parallel to suppress his litigation, crush his access to the courts, and shield their own market power from challenge—conduct that violates federal antitrust law, constitutes a conspiracy to interfere with civil rights, and warrants declaratory and injunctive relief.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under **28 U.S.C. § 1331** because Plaintiff asserts federal claims under the **Sherman Act**, 15 U.S.C. §§ 1–2, and **42 U.S.C. § 1985(2)**, and seeks relief under the **Declaratory Judgment Act**, 28 U.S.C. § 2201.

5. Supplemental jurisdiction exists under **28 U.S.C. § 1367** for related state-law claims arising from the same nucleus of operative facts.

6. Venue is proper under **28 U.S.C. § 1391(b)** because Defendants conduct substantial business in this District and a substantial part of the events or omissions giving rise to the claims occurred here.

## III. PARTIES

7. Plaintiff **Chad Michael Creel** is a California resident and pro se litigant. He relies on online accounts to prosecute civil cases, organize evidence, and communicate with witnesses and courts.

8. Defendant **Amazon.com, Inc.** is a multinational technology company that provides e-commerce, cloud, and digital services that Plaintiff used for legal work and evidence management.

9. Defendant **Meta Platforms, Inc.** operates social and messaging platforms critical for communications, documentation, and legal evidence. Meta enforces content policies via automated tools and human review.

10. Defendant **Google LLC** operates search, email, account, and cloud services that Plaintiff relied upon for legal evidence collection, storage, and time-sensitive litigation tasks.

11. **Does 1–50** are unknown individuals or entities involved in or responsible for the conduct alleged herein. Plaintiff will amend to name them when identified.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff has pursued multiple legal actions challenging governmental and corporate misconduct. His work depends on uninterrupted access to online

platforms for **evidence preservation**, **witness communications**, and **court filings.**

13. Plaintiff developed a litigation framework known as the **"Leash Protocol,"** using lawful procedural tactics (including voluntary dismissal and refiling within applicable rules) to preserve rights and deter abusive litigation conduct by powerful opponents.

14. In or about **early 2025,** Plaintiff experienced escalating restrictions across Defendants' platforms that materially impaired his ability to prosecute cases and protect evidence.

15. **Amazon:** On or about **early 2025,** Amazon restricted or terminated Plaintiff's account access and related functions. These actions impaired Plaintiff's ability to receive, organize, and present evidence and to manage litigation-related purchases and records.

16. **Google:** On or about **early to mid-2025,** Google's **security mechanisms** locked Plaintiff out of critical accounts and imposed obstacles that, in practice, **prevented retrieval of essential evidence** for active matters. Appeals and recovery attempts were unsuccessful or unreasonably burdensome.

17. **Meta – Wrongful Termination for "Minor Sexual Exploitation":** On or about the **17th (immediately before an injunction hearing),** Meta **terminated** Plaintiff's account(s) under the grave accusation of **"minor sexual exploitation."**
    a. This label is **categorically false** and arose from a **scammer's malicious actions** and/or **automated detection error**, not from Plaintiff's conduct.
    b. Plaintiff never created, uploaded, solicited, or disseminated any material involving minors or sexual exploitation.
    c. The termination occurred **without fair notice, meaningful opportunity to**

Page 4

    **contest, or context-sensitive human review**, despite the accusation's extreme severity.

    d. Meta's termination **destroyed Plaintiff's reputation**, foreclosed communications, and **cut off access to time-sensitive evidence** and witness channels during a critical litigation window.

    e. The timing—**on the 17th, just before Plaintiff's injunction hearing**—functioned as **sabotage**, impairing preparation and the ability to present or authenticate evidence.

18. The **scammer** precipitating the Meta flag engaged in deceptive contact/communication patterns typical of malicious actors who **weaponize platform policies** to harm targets. Meta's failure to conduct a **contextual, adversarial review** resulted in a **false positive** with catastrophic legal and reputational consequences to Plaintiff.

19. Having branded Plaintiff with an accusation tantamount to **social and professional exile**, Meta denied effective appeal and **locked away communications/evidence** embedded within the terminated account(s), depriving Plaintiff of access to court-relevant material.

20. The **combined effect** of Amazon restrictions, Google lockouts, and Meta's wrongful termination was to **exclude** Plaintiff from critical digital infrastructure, **cripple** his litigation capacity, **delay** filings, and **compromise** evidentiary integrity.

21. On information and belief, Defendants were aware of Plaintiff's legal activities, including the **imminent injunction hearing**, and acted with **reckless disregard** for his right of access to courts—or in knowing parallel that such interference would suppress his litigation.

Page 5

22. Defendants' market dominance in their respective spheres (e-commerce/cloud, social/messaging, search/email/accounts) meant their actions **foreseeably** and **directly** impaired Plaintiff's ability to compete, invent, collaborate, and litigate.

23. Plaintiff suffered **reputational harm, emotional distress, lost litigation opportunities, increased costs**, and **deprivation of evidence** and communications necessary to prosecute his cases.

24. Plaintiff timely objected and attempted to recover access; Defendants refused or failed to provide **prompt, transparent, and effective remediation**, especially where the accusation at Meta—**minor sexual exploitation**—required heightened due process and accuracy.

25. Defendants' conduct also **chilled Plaintiff's petitioning activity** and **burdened** the exercise of his right to seek judicial redress.

# V. CLAIMS FOR RELIEF

**Claim I — Monopolization and Attempted Monopolization (Sherman Act § 2)**

*(Against All Defendants)*

26. Plaintiff re-alleges ¶¶ 1–25.

27. Defendants possess and exercise **durable market power** within essential digital markets—Amazon (commerce/cloud), Meta (social/messaging), and Google (search/email/accounts).

28. Defendants engaged in **exclusionary conduct** that lacked legitimate business justification as applied to Plaintiff: wrongful termination, security lockouts

Page 6

that functioned as **evidence denial**, and timing calculated (or recklessly indifferent) to **sabotage** an imminent injunction hearing.

29. Meta's false "minor sexual exploitation" designation—triggered by a **scammer's setup** and **automation misfire**—is an **extreme and foreseeable over-enforcement** that effectively **excludes** a litigant from vital social/evidence channels **without adequate review**.

30. The combined, platform-wide restrictions **substantially foreclosed** Plaintiff from using standard digital infrastructure to assemble evidence and coordinate litigation, entrenching Defendants' dominance and suppressing Plaintiff's competitive and petitioning activities.

31. Defendants' conduct constitutes **monopolization** and/or **attempted monopolization** under **15 U.S.C. § 2**. Plaintiff was **injured in his business and property** by reason of this violation and is entitled to **treble damages** and injunctive relief.

**Claim II — Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985(2))**

*(Against All Defendants)*

32. Plaintiff re-alleges ¶¶ 1–31.

33. Defendants agreed, tacitly or expressly, and/or knowingly acted in parallel to **obstruct** Plaintiff's access to the courts by: (a) **terminating/locking** accounts, (b) **withholding** access to **time-sensitive evidence**, (c) imposing **security barriers** that prevented recovery, and (d) **timing** critical actions (Meta on the **17th**) to **undermine** Plaintiff's **injunction hearing** preparation and presentation.

34. The conspiracy (or knowing parallel conduct) aimed to **deter**, **intimidate**, **or hinder** Plaintiff—a litigant—from fully prosecuting his claims, including those implicating major corporate actors and governmental entities.

35. Plaintiff suffered concrete injuries: loss of evidence access, litigation delay, reputational devastation from a false "minor sexual exploitation" label, emotional distress, and increased costs and burdens in prosecuting his cases.

36. Defendants are liable under **42 U.S.C. § 1985(2)** for conspiracy to interfere with Plaintiff's right of access to the courts and to obstruct justice.

**Claim III — Declaratory and Injunctive Relief (28 U.S.C. § 2201)**

*(Against All Defendants)*

37. Plaintiff re-alleges ¶¶ 1–36.

38. An actual, justiciable controversy exists regarding Plaintiff's rights to: (a) maintain and access lawful accounts, (b) retrieve and preserve lawful evidence, (c) be free from wrongful termination grounded on **false accusations** triggered by scammers and erroneous automated enforcement, and (d) be free from timing games that **sabotage** court access.

39. Plaintiff seeks a **declaration** that Defendants' practices, as applied to him, are unlawful, and an **injunction** ordering:

    a. **Restoration** of Plaintiff's access to accounts and content;

    b. **Preservation** and **return** of Plaintiff's lawful data and communications;

    c. **Process safeguards** for high-severity accusations (e.g., child safety), including prompt human review, notice, and an **effective appeal**;

   d. **Prohibition** on retaliatory or obstructionist actions that impede Plaintiff's litigation and evidence access.

**Claim IV — Defamation Per Se (State Law)**

*(Against Meta Platforms, Inc.)*

40. Plaintiff re-alleges ¶¶ 1–39.

41. Meta **published** (to internal teams and/or third parties, and by functional effect to Plaintiff's contacts) that Plaintiff's account was terminated for **"minor sexual exploitation."**

42. The statement and/or functional publication is **false**, **unprivileged**, and **defamatory per se** because it imputes involvement in egregious criminal conduct.

43. Meta acted at least with **negligence**, and on information and belief with **reckless disregard** for truth, by failing to evaluate context, account compromise risks, or the **scammer's role**, and by refusing meaningful appeal before imposing permanent reputational ruin.

44. Plaintiff suffered **presumed damages** (per se), concrete reputational harm, emotional distress, and litigation injury flowing from Meta's false accusation and termination.

**Expansion Plan 1. Background Facts (bulk expansion – +6 pages)**

- **Detailed timeline** of each defendant's interference:

- o  Amazon restrictions (dates, how you discovered lockouts, appeals made).

- o  Google lockouts (how "security features" blocked recovery, how it prevented retrieving evidence for specific lawsuits).

- o  Meta's wrongful "minor sexual exploitation" termination (include context of the scammer, what evidence/messages you lost, reputational fallout).

- **Injunction hearing sabotage**: expand on how Meta's timing crippled your ability to present.

- **Scammer setup**: describe tactics scammers use to trigger automated flags, why Meta should've caught it, and how this fits into broader corporate negligence.

- **Leash Protocol**: add 2–3 pages explaining how it works, why it's lawful, and why platforms obstructing it obstruct your access to justice.

## 2. Claims for Relief (authority expansion – +3 pages)

- **Sherman Act §2:** cite *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001) for exclusionary conduct.

- **Civil Rights Conspiracy (§1985(2)):** cite cases where private actors conspired with others to interfere with court access.

- **Defamation (Meta):** cite California law on defamation per se (accusing someone of a crime of moral turpitude).

## 3. Damages & Relief (add specificity – +1 page)

- **Economic damages**: lost opportunity costs, filing delays, increased litigation expenses.

- **Reputational damages**: emphasize that "minor sexual exploitation" is reputational death.

- **Injunctive relief**: demand restoration, fair appeal mechanisms, notice before termination.

**4. Conclusion & Jury Demand (polished – +½ page)**

**Meta Wrongful Termination (Extra 1 page)**

- Flesh out **how scammers manipulate platforms** to trigger false flags.

- Explain why Meta's reliance on **automated enforcement without appeal** is reckless, especially for accusations as devastating as child exploitation.

- Highlight reputational harm — once labeled, you're treated as guilty with no way to clear your name.

**2. Injunction Hearing Sabotage (Extra 1 page)**

- Detail how the account loss on the **17th** disrupted witness coordination, evidence presentation, and filing prep.

- Show causation: Meta's action directly undermined your ability to argue for the injunction.

- Argue this was not just negligent but **tantamount to obstruction of justice**.

## 3. Expansion Plan – Legal/Case Law Focus

### 1. Antitrust (Sherman Act §§1–2)

- **New Case Law Support:**

    o *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001) — exclusionary conduct, sabotaging rivals, same logic applies where platforms cut you off.

    o *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451 (1992) — companies can monopolize aftermarket access; here, you're locked out of essential "aftermarkets" like accounts/evidence storage.

- Add a **Sherman Act §1 conspiracy claim** alongside §2 monopolization, alleging Defendants acted jointly or knowingly in parallel to obstruct your litigation.

### 2. Civil Rights Conspiracy (42 U.S.C. §1985(2))

- **Expand Legal Basis:**

    o Cite *Kush v. Rutledge*, 460 U.S. 719 (1983) — §1985(2) applies where conspiracies obstruct justice or deter parties from presenting claims.

    o Argue Defendants' **timing** (Meta on the 17th) = deliberate obstruction of justice.

    o Stress that even private actors can be liable if their conspiracy aims at obstructing courts.

### 3. Defamation Per Se (Meta)

- **Add California Cases:**

    o *Slaughter v. Friedman*, 32 Cal. 3d 149 (1982) — defamation per se when accusations injure in a person's profession.

    o *Regalia v. The Nethercutt Collection*, 172 Cal. App. 4th 361 (2009) — accusation of criminal conduct is defamation per se.

- Frame Meta's "minor sexual exploitation" tag as defamation per se under California law, with presumed damages.

### 4. Constitutional Right of Access to Courts

- Even though your main claims are against private companies, add a **First Amendment / right of access framing** under *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508 (1972):

    o SCOTUS recognized that conspiracies to bar access to courts **violate federal law.**

    o Tie this directly to the Leash Protocol and your obstruction claim.

### 5. New Claim – Intentional Interference with Prospective Economic Advantage (State Law)

- You can add this as Claim V:

- o Defendants interfered with your prospective relationships (legal cases, collaborations, potential settlements).

- o Case cite: *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003).

# VIII. CONCLUSION

311. Defendants Amazon, Meta, and Google are not mere private service providers making routine account decisions. Together, they operate as gatekeepers to modern commerce, communications, evidence storage, and legal advocacy.

312. By wrongfully terminating Plaintiff's accounts, locking him out of critical evidence, and falsely branding him with the most stigmatizing accusation imaginable — "minor sexual exploitation" — Defendants caused irreparable reputational harm, disrupted ongoing litigation, and deprived Plaintiff of fair access to the courts.

313. The timing of Meta's termination, on the 17th immediately before Plaintiff's injunction hearing, reveals conduct not of error but of sabotage. It constituted obstruction of justice, striking at the very core of Plaintiff's First Amendment right to petition the courts.

314. The Defendants' conduct also entrenched their own monopolistic power. By excluding Plaintiff from their platforms, they not only injured him personally but foreclosed his ability to compete, collaborate, and bring accountability

through litigation. This exclusionary behavior falls squarely within the prohibitions of the Sherman Act.

315.  Plaintiff has pleaded multiple viable causes of action — federal antitrust violations, conspiracy to obstruct court access under §1985(2), defamation per se under California law, and intentional interference with prospective economic advantage. These claims present live controversies and fall squarely within this Court's jurisdiction.

316.  Federal courts exist to ensure that powerful entities cannot destroy individuals by cutting off their voice, their evidence, or their access to justice. If the allegations in this complaint are proven, the law requires that Defendants be held accountable.

317.  Accordingly, Plaintiff respectfully asks this Court to allow this case to proceed to discovery and trial, where the truth of these matters can be established under oath, and where remedies may be fashioned to restore both the integrity of Plaintiff's litigation efforts and the fairness of the marketplace.

# VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Enter judgment for Plaintiff on all claims;

B. Award **compensatory damages** in an amount to be proven at trial;

C. Award **treble damages** under the Sherman Act, **15 U.S.C. § 15**;

D. Award **punitive damages** for willful and malicious conduct;

E. Issue **declaratory relief** that Defendants' conduct, as applied to Plaintiff, is unlawful;

F. Issue **injunctive relief** requiring restoration of account access, data

return/preservation, appeal due-process safeguards for severe accusations, and prohibitions on further retaliatory interference;

G. Award **costs and fees** as permitted by law; and

H. Grant such other relief as the Court deems just and proper.

I, Chad Michael Creel, am the Plaintiff in this action. I have read the foregoing **First Amended Complaint** and know the contents thereof. The facts stated in this complaint are true and correct to the best of my knowledge, information, and belief. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Chad Creel*
THE LEGAL RIPPER                             9/30/2025

**Chad Creel**

**6250 County Rd 20**

**Orland Ca 95963**

**5309669578**

1
2
3
4
5
6  **The Legal Ripper**
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28