UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD CREEL,<br><br>                    Plaintiff,<br><br>          v.<br><br>AMAZON.COM, INC., et al.<br><br>                    Defendants. | No.  2:25-cv-01957-TLN-CKD (PS)<br><br><br><br>ORDER |

On August 29, 2025, plaintiff filed a motion seeking a temporary restraining order and/or preliminary injunction, and a protective order.  (ECF No. 5.)  On September 26, 2025, the district judge assigned to this action adopted findings and recommendations denying plaintiff's motion for temporary restraining order.[1]  (ECF No. 13.)  The court now turns to plaintiff's motion for a protective order.

Plaintiff seeks a protective order "[r]equiring Defendants to preserve all logs, chat transcripts, access records, and internal communications referencing Plaintiff" and similar AI-related data.  (ECF No. 5 at 2.)  Under the Federal Rules of Civil Procedure, the method available to limit the breadth or use of a discovery request is a motion for a protective order under Fed. R. Civ. P. 26(c). This rule states in relevant part:

---

[1] For the same reasons (i.e., lack of an operative complaint at the time of filing), plaintiff's alternative motion for preliminary injunction also fails.  (See ECF Nos. 12 & 13.)

1

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.] The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c). Options available to the court include, in part, "forbidding the disclosure or discovery; [ ] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Id. District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424 (9th Cir. 2011).

Here, plaintiff's motion for protective order is premature, as the First Amended Complaint (ECF No. 14) has yet to be screened and served on any defendant, discovery has not begun, and the parties have not met and conferred. Moreover, plaintiff is not seeking to protect his own information from discovery as outlined in Rule 26(c); rather, he seeks to prevent spoliation of evidence, as governed by Rule 37(e). Finally, plaintiff's motion fails to meet its burden of "good cause," as plaintiff has not shown that specific harm or prejudice will result if the order is not granted. The court will therefore deny plaintiff's motion for protective order.

Accordingly, IT IS HEREBY ORDERED THAT plaintiff's motion for protective order (ECF No. 5) is DENIED.

Dated:  December 3, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/creel1957.mtn for prot ord