UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MICHAEL CREEL,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., et al.,<br><br>    Defendants. | No.  2:25-cv-01957 TLN CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff is proceeding in this action pro se and in forma pauperis.  On July 22, 2025, the undersigned screened plaintiff's original complaint and found that it failed to plead a basis for federal jurisdiction or state a federal claim.  (ECF No. 4.)  Before the court for screening is plaintiff's First Amendment Complaint (FAC).  (ECF No. 14.)  For the reasons set forth below, the undersigned will recommend that the FAC be dismissed without leave to amend, as it fails to cure the deficiencies of the original complaint.

      As in the original complaint, plaintiff sues three private companies over their actions concerning his online accounts.  In the FAC, he asserts that defendants violated Section 2 of the Sherman Act (Claim 1) and conspired to interfere with civil rights under 42 U.S.C. § 1985 (Claim 2).  Plaintiff also seeks declaratory and injunctive relief (Claim 3) and asserts a state law claim of defamation (Claim 4).

////

1

A. <u>Sherman Act Claim</u>

Plaintiff alleges that defendants Amazon.com, Inc. ("Amazon"), Meta Platforms, Inc. ("Meta"), and Google LLC ("Google") engaged in "coordinated interference with his legal activities and wrongful restriction of his online account . . . on the false basis of 'minor sexual exploitation' triggered by a scammer's malicious setup and automated enforcement error." (FAC, ¶ 1.) Plaintiff alleges that, in early 2025, "escalating restrictions across Defendants' platforms . . . materially impaired his ability to prosecute cases and protect evidence" in his "multiple legal actions challenging governmental and corporate misconduct." (<u>Id.</u>, ¶¶ 12, 14.)

The Sherman Antitrust Act, also known as the Sherman Act, seeks to prevent anticompetitive practices in commerce. 15 U.S.C. §§ 1-2. Section 2 of the Sherman Act makes it a crime to "monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations." 15 U.S.C. § 2 (2006). Section 4 of the Clayton Act, in turn, establishes a private right of action to "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws" and provides "threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee." 15 U.S.C. § 15 (2006).

To state an unlawful monopolization claim, a plaintiff must allege "(1) [p]ossession of monopoly power in the relevant market; (2) willful acquisition or maintenance of that power; and (3) causal antitrust injury." <u>Teva Pharmaceuticals USA, Inc.v. Concept Therapeutics, Inc.</u>, 2025 WL 2637505, *12 (N.D. Cal. Sept. 12, 2025) (citing <u>SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.</u>, 88 F.3d 780, 783 (9th Cir. 1996); <u>CoStar Grp., Inc. v. Com. Real Est. Exch., Inc.</u>, 2025 WL 2573045, at *6 (9th Cir. Sept. 5, 2025)). For the third element, antitrust injury, "a plaintiff ... must allege and prove harm, not just to a single competitor, but to the competitive process, i.e., to competition itself." <u>Teva Pharmaceuticals</u>, 2025 WL 2637505, *14 (citations omitted). Here, plaintiff alleges that defendants harmed him personally by excluding him from "vital social/evidence channels without adequate review" and foreclosing his ability to litigate cases. (FAC, ¶¶ 29, 30.) As this does not amount to "antitrust injury," plaintiff fails to state a monopolization claim under the Sherman Act.

B. <u>Conspiracy to Interfere with Civil Rights Claim</u>

In his second purported federal claim, plaintiff asserts that defendants violated 42 U.S.C. § 1985 by acting "in parallel" to obstruct his access to the courts, specifically by locking his accounts and withholding access to evidence in his legal cases. (FAC, ¶ 33.)

Section 1985 is derived from the Thirteenth Amendment and covers all deprivations of equal protection of the laws. <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 641 (9th Cir. 1980). It proscribes conspiracies to interfere with an individual's civil rights. "To state a cause of action under section 1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States." <u>Turner v. Hickman</u>, 2008 WL 850027, *10 (E.D. Cal. Mar. 27, 2008) (citing <u>Gillispie</u>, 629 F.2d at 641; <u>Giffin v. Breckenridge</u>, 403 U.S. 88, 102-03, (1971)). "Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions." <u>Id.</u> (citing <u>Sever v. Alaska Pulp Corp.</u>, 978 F.2d 1529, 1536 (9th Cir.1992)).

Here, there is no allegation that defendants harbored racial or other class-based discriminatory animus against plaintiff when they restricted his access to his online accounts. The FAC fails to state a federal claim under this statute.

C. <u>Failure to Cure</u>

For the reasons set forth above, the FAC does not state a federal claim against any defendant or show a basis for federal jurisdiction. Plaintiff's remaining claims (concerning remedies and state law) are not a basis for federal jurisdiction. Absent a colorable federal claim, this court lacks jurisdiction over plaintiff's state claims. Moreover, it does not appear the complaint can be cured by a second opportunity to amend.

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. The First Amended Complaint (ECF No. 14) be dismissed with prejudice; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge

1  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
2  after being served with these findings and recommendations, any party may file written
3  objections with the court and serve a copy on all parties.  Such a document should be captioned
4  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
5  within the specified time may waive the right to appeal the District Court's order.  Martinez v.
6  Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 24, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/cree1957.fac_f&rs